IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:
GARY SIGMAN JR.,
    Plaintiff,
v.

Case No.:16-cv-__3:16-cv-05317__
Hon. Judge _____

EXPERIAN INFORMATION SOLUTIONS, INC.
    DEFENDANT.

## COMPLAINT

COMES NOW the Plaintiff, GARY SIGMAN JR., (hereafter the "Plaintiff") by Counsel, and in complaint against the Defendant, alleges as follows:

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act), and for the common law tort of defamation.

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).

3. The Plaintiff, is a resident of West Virginia. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, the Defendant, Experian Information Solutions, Inc. (herein "Experian Information Solutions, Inc."), is a corporation having its principal offices in a state other than West Virginia, and which does business in West Virginia.

5. Upon information and belief, Experian Information Solutions, Inc.is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian Information Solutions, Inc.is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Experian Information Solutions, Inc. disburses such consumer reports to third parties under contract for monetary compensation.

7. On or about September 9, 2015, the Plaintiff pulled a credit file from Experian Information Solutions, Inc.'s website. (Attached here to as Exhibit 1.)

8. The Plaintiff's Experian Information Solutions, Inc. credit report in Exhibit 1 has several errors.

9. The Plaintiff sent a dispute letter to Experian on September 28, 2015. (Attached hereto as Exhibit 2.)

10. Specifically, Plaintiff notified Defendant that the civil judgment awarded to CACH CO, with docket number 9C82 was paid in full as of August 16, 2013.

11. Upon information and belief, Defendant conducted a reinvestigation of the disputes contained in his letter of September 28, 2015.

12. The Plaintiff's received a response from defendant dated October 13, 2015 which failed to update the disputed entry with CACH CO. to reflect that the judgment had been satisfied in full.

13. That by not reporting the disputed entry as paid in full, Defendant was not accurately or completely reporting on the status of the judgment.

14. Plaintiff is thereby harmed because anyone future use of his credit report is misleading because Defendant's report is an inaccurate reporting of the status of the judgment lien and would result in higher interest, insurance premiums, denial of employment and possible credit denials.

## COUNT I

*VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT AS TO EXPERIAN INFORMATION SOLUTIONS, INC.*

15. The Plaintiff incorporates the previous and following paragraphs as if fully set forth herein.

16. Experian Information Solutions, Inc. violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

17. Experian Information Solutions, Inc. violated 15 USCS § 1681i (a)(6) by failing to provide a reinvestigation notice to the Plaintiff after reinvestigation of his file was completed.

18. As a result of this conduct, action and inaction of Experian Information Solutions, Inc., the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

19. Experian Information Solutions, Inc. conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

20. The Plaintiff is entitled to recover costs and attorney's fees from Experian Information Solutions, Inc. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**

*DEFAMATION AS TO EXPERIAN INFORMATION SOLUTIONS, INC.*

21. The Plaintiff incorporates the previous and following paragraphs as if fully set forth

herein.

22. Experian Information Solutions, Inc. violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to 5/3; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

23. As a result of this conduct, action and inaction of Experian Information Solutions, Inc., the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

24. Experian Information Solutions, Inc.'s conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

25. The Plaintiff is entitled to recover costs and attorney's fees from Experian Information Solutions, Inc.in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### DEMAND FOR RELIEF

Plaintiff demands from the Defendants:

a. Actual damages for the violations of the FCRA as authorized by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o for all such violations that occurred up to the date and time of the

      filing of this complaint;

  b. Statutory damages in the maximum amount authorized by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o for all such violations that occurred up to the date and time of the filing of this complaint;

  c. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to 15 U.S.C. § 1681n and § 1681o;

  d. The Plaintiff be awarded general and punitive damages for the Defendant's actions as alleged in Counts I and II of the Complaint;

  e. The Plaintiff be granted injunctive relief ordering the Defendant to correct the entries to his credit report to reflect accurate information;

  f. Such other relief as the Court shall deem just and proper under the attendant circumstances.

                                                  **GARY A. SIGMAN JR.**
                                                  BY COUNSEL

BY:   /s/ Daniel K. Armstrong
        Benjamin M. Sheridan (# 11296)
        Daniel K. Armstrong (#11520)
        *Counsel for Plaintiff*
        Klein and Sheridan, LC
        3566 Teays Valley Road
        Hurricane WV 25526
        (304) 562-7111
        Fax: (304) 562-7115